UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                    **Hon. Hugh B. Scott**

                   v.                                 12CR174S

                                                    **Order**

ADEL ABDULLAH,
MOHAMMED ALAWI, and
MOHAMMED ALBANNAA,

                           Defendants.

Before the Court is defendant Mohammed Albannaa's motion to compel supplemental (cf. Docket No. 63) discovery (Docket No. 127), joined by codefendant Adel Abdullah in a joinder motion (Docket No. 134), and orally by codefendant Mohammed Alawi on October 14, 2014. The Government responded (Docket No. 136) and argued its opposition on October 14, 2014.

Also pending are defendants' respective motions to suppress (Docket Nos. 54-56), awaiting post-hearing briefing (see No. 148, Order of Oct. 9, 2014, post-hearing briefing completed by Oct. 14, 2014, and motions deemed submitted Oct. 14, 2014).

BACKGROUND

Defendants are charged in a single count Indictment with conspiracy to possess, with the intent to distribute, controlled substance analogues (Docket No. 17, Indict.). From approximately May 2, 2011, through May 17, 2012, defendants allegedly conspired to distribute

mixtures and substances containing AM2201 [1-(5-Fluoropentyl)-3-(1-naphthoyl) indole] ("AM-2201") and JWH-210 [1-Pentyl-3-(4-ethyl-1-naphthoyl) indole] ("JWH-210"), Schedule I controlled substance analogues as defined by 21 U.S.C. § 802(32), in violation of § 841(a)(1), (b)(1)(C) of that Title (id.; see also Docket No. 63, Order of Apr. 11, 2013, at 2). As stated during oral argument, one of these analogues, JWH-201, later was listed as a controlled substance.

*Albannaa's Motion*

Albannaa now moves, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(F), for the Government to supplement its discovery by producing Drug Enforcement Administration ("DEA") reports on the analogue status of the two substances at issue in this case as well as "all written reports, studies, or other documents of any scientific or chemical analysis regarding the Government's determination to designate AM-2201 and JWH-210 as controlled substance analogues" (Docket No. 127, Albannaa Atty. Affirm. ¶¶ 4, 5). He argues that these documents are material to his defense since they go to the elements of the offense that these two substances were controlled substance analogues (id. ¶¶ 6, 10; see id. ¶¶ 7-8 (documents in Government's control and in possession of United States Attorney and DEA). He claims that the Government's production to date does not contain these DEA reports or any reports explaining the chemical structural similarities between these two substances to a Schedule I or II controlled substance (id. ¶ 9). Abdullah (Docket No. 134) and Alawi each join in this motion.

The Government argues that this discovery demand should be rejected because those reports are not material to counter the Government's case, bolster a defense, or alter the quantum of proof in the defense's favor (Docket No. 136, Gov't Response ¶¶ 1, 2), see United States v.

Weisberg, No. 07CR66, 2007 WL 3015222, at *1 (W.D.N.Y. Oct. 12, 2007) (Scott, Mag. J.); United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993).  The Government distinguishes the case relied upon by Albannaa for authorizing production of the DEA reports, United States v. Nashash, No. 12 CR 00778 (PAC), 2014 WL 169743 (S.D.N.Y. Jan. 15, 2014) (cf. Docket No. 127, Albannaa Atty. Affirm. ¶ 10), because the reports there found that the substances at issue were **not** substantially similar to controlled substance analogues (Docket No. 136, Gov't Response ¶ 2).

## DISCUSSION

Defendant Abdullah's joinder motion (Docket No. 134) and Alawi's oral motion to join Albannaa's motion is **granted**.

Under the Controlled Substance Analogue Enforcement Act, a controlled substance analogue is treated as a controlled substance if it is has a substantially similar chemical structure to a controlled substance and it has or it is intended to have a similar effect on the central nervous system as a controlled substance, 21 U.S.C. §§ 813, 802(32)(A) (Docket No. 127, Albannaa Atty. Affirm. ¶ 2).

The Government argues that the DEA reports declaring AM-2201 and JWH-210 are analogues to controlled substances are not material.  These reports are material.  Weisberg, relied upon by the Government here, is factually distinguishable.   In that case, the defendant sought documents from the Internal Revenue Service on how it treated similarly situated tax protesters who refused to file tax returns, including all guidelines, memoranda, reports and other documents on the subject, 2007 WL 3015222, at *1.  The documents defendant sought there were to show that he was being singled out while like-minded citizens who did not file were not; this Court

held that such a theory was not material and did not advance his cause, noting that these materials may not be relevant to the elements of the offense charged there, id. at *2.

The court in Nashash (compelling production of a similar DEA report on putative analogues) notes that defendant has the burden of showing materiality and that burden "is not high: 'There must be some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter he quantum of proof in his favor,'" 2014 WL 169743, at *1 (quoting United States v. Maniktala, 934 F.2d 25, 28 (2d Cir. 1991) (internal quotations and citations omitted)).

Here, even if the DEA reports confirm that these two substances are analogues (as the Government argues), the reports (and their scientific basis) can be tested by defendants to determine if the DEA is correct in its conclusion. This shifts the quantum of proof. As noted in Weisberg, 2007 WL 3015222, at *2, materiality also includes the elements of the offense charged. Key to the offense here of conspiracy to distribute controlled substance analogues is whether the substances at issue are in fact analogues. The defense need not show that the disputed reports categorically refute the Government's contention.

CONCLUSION

For the reasons stated above, defendant Abdullah's joinder motion (Docket No. 134) and defendant Alawi's oral motion for the same relief to join defendant Albannaa's motion (Docket No. 127) are **granted**. Albannaa's motion (Docket No. 127) thus joined by codefendants (Docket No. 134) to compel supplemental discovery is **granted**.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
October 20, 2014